# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **SONNY JAMES CASTON (#116778)** | **CIVIL NO. 3:17-CV-1034; SEC. P** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DARREL VANNOY** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Sonny James Caston filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, collaterally attacking his conviction of the 1993 second degree murder of Deputy Sheriff Jeffery Gathings by the Fifth Judicial District Court for Richland Parish, Louisiana. Petitioner is an inmate in the custody of the Louisiana Department of Corrections.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## LAW AND ANALYSIS

By this proceeding, Caston attacks his 1993 conviction for second degree murder and the sentence of life imprisonment without benefit of parole, probation, or suspension imposed by the Fifth Judicial District Court for Richland Parish, Louisiana. This court's records demonstrate that Caston has filed a previous federal petition for writ of *habeas corpus* in which he attacked this same conviction and sentence. *Sonny James Caston v. Warden, Louisiana State Penitentiary*, No. 6:01-cv-0932 (W.D. La. 2001). Caston asserted the following claims for relief: (1) that his constitutional rights to due process of law were violated when the state was allowed to try him after a prescriptive period for institutional of prosecution had expired; (2) that his right to due process of law and a fair trial were violated when a state witness perjured himself while testifying against petitioner at trial;

(3) that he was denied his rights to due process when the trial court failed to determine if a key state witness was competent to testify at trial;(4) that a racially discriminatory system of selecting the West Carroll Parish grand jury foreperson violated his rights; and (5) that he was denied effective assistance of counsel due to counsel's failure to challenge the trial judge's discriminatory practice of appointing the West Carroll Parish grand jury foreperson and counsel's failure to challenge the competency to testify of Frankie Bancroft. *Id.* at Rec. Doc. 1. That petition was denied and dismissed with prejudice on December 16, 2003, as untimely. *Id.* at Rec. Doc. 14.

Caston filed the instant petition for federal *habeas corpus* relief on August 15, 2017. In this petition, he again seeks to attack his 1993 conviction for second degree murder and the life imprisonment without benefit of parole, probation, or suspension of sentence. Petitioner argues that while he has attempted to have his claims heard multiple times, he has never received the constitutionally effective counsel to which he is entitled. He raises the following claims for relief: (1) The evidence presented at trial was insufficient as a matter of law, to convict Sonny Caston of the murder of Deputy Jeffery Gathings; (2) Sonny James Caston is actually innocent of the murder of Jeffery Gathings; and (3) Sonny James Cason was denied effective assistance of trial counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights. [Rec. Doc. 1]

This is Caston's second attempt to collaterally attack, in this federal Court, his Louisiana state court conviction for second degree murder and the sentence of life imprisonment without benefit of parole, probation, or suspension imposed by the Fifth Judicial District Court for Richland Parish, Louisiana, which conviction and sentence was the subject of his previous federal petition. The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is

"second or successive".[1]

The petition attacks the same conviction and sentence that was the subject of Caston's previous petition. The claims raised herein could have been raised in the previous petition. Moreover, while Caston's first petition for *habeas corpus* was dismissed with prejudice as time-barred, a *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir.2009).

Before a second or successive petition may be considered by this Court, Caston must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[2] The record does not show in this case that Caston has received such authorization. Until such time as Caston obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773,

---

[1] The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id*. *citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").
 The Fifth Circuit has found that "an application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.
 The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[2] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

3

774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[3] Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

---

[3] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, on October 5, 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**